

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN CARDELLA<br><br>Plaintiffs,<br><br>vs.<br><br>MOUTNAIN RESERVATIONS, INC. and CASTLES TRAVEL, INC.,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:07-CV-1003 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff Jonathan Cardella seeks to amend his Complaint pursuant to Rule 15(a)(2). Cardella requests leave to amend his Complaint "to seek monies owed for performance under the contract in light of this Court's finding of a valid and enforceable contract."[1] Rule 15(a)(2) provides that the court should "freely give leave when justice so requires."[2] As outlined below the court finds Plaintiff's arguments unpersuasive and DENIES his motion to amend.

## BACKGROUND

Cardella originally filed this lawsuit in September 2007 in Florida. In December 2007 the case was transferred to this court. Defendants filed their answer on January 2, 2008.[3] And, in April 2008, Cardella filed an amended Complaint to add Jamie Moyle as a plaintiff. On March 10, 2009, Moyle dismissed his claims against defendants and is no longer a party to this

---

[1] Pla.'s mtn p. 1.
[2] Fed.R.Civ.P. 15(a)(2).
[3] Docket no. 5.

1

action.[4] The original Complaint and the first amended Complaint sought declaratory relief and did not plead any affirmative claim against Defendants or allege a claim for damages.

The amended scheduling order entered on March 18, 2008, provided a deadline of April 1, 2008, for amending the pleadings.[5] Both the deadline for completing discovery and for filing dispositive motions was September 26, 2008. Plaintiffs and Defendants respectively filed cross-motions for summary judgment on September 22, 2008 and September 26, 2008. On April 7, 2009, this court entered an order and memorandum decision granting in part Defendants' motion for summary judgment and denying Cardella's cross-motion for summary judgment.[6] In its order and memorandum decision the court found the consulting agreement at issue to be a valid and enforceable contract.

Following the entry of this order, Cardella's attorney contacted Defendants demanding that Defendants pay Cardella $100,000 alleging Defendants "breached the Consulting Agreement by not paying the Plaintiff the amount he was entitled to under the Consulting Agreement . . . , for a total of $100,000 per year."[7] In the amended complaint Cardella claims he is owed this amount "in exchange for the covenant not to compete."[8] Defendants refused to comply with the demand. Instead, Defendants claim they owe Cardella $11,388.89 for the consulting services he performed from April 25, 2007 to June 5, 2007.

On June 5, 2007, Cardella sent Defendants a letter stating that he would not be working any further with them.[9] Approximately ten days later, after Defendants realized that they had

---

[4] Docket no. 73.
[5] Docket no. 29
[6] Docket no. 75.
[7] Proposed amended complaint p. 5, attached as exh. A to Pla.'s mem. in supp; *see also* mem. in supp. p. 2.
[8] *Id.* at p. 6.
[9] *See* memorandum decision and order p. 15.

2

failed to pay Cardella the fees owed under the Consulting Agreement, Defendants wired $10,000 to Cardella's bank account. This was payment for Cardella's services under the Consulting Agreement for the period of time from April 25, 2007 through May 31, 2007. Cardella refused this payment and returned the $10,000 to Defendants.

On October 16, 2008, Defendants again tendered payment to Cardella but this time it was for services under the Consulting Agreement for the time period of April 25, 2007, through June 5, 2007. The amount of this check was $11,388.89. Cardella has not cashed the check and Defendants represent that if the check has "become stale" Defendants will replace it.

On May 22, 2009, Cardella filed the motion for leave to amend the complaint that is now pending before the court.[10]

## ANALYSIS

Rule 15(a) provides that a party may amend the pleadings after the time has run to do so "only with the opposing party's written consent or the court's leave."[11] Leave should be freely given when justice so requires.[12] As noted by the Supreme Court,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-<u>such as undue delay, bad faith or dilatory motive on the part of the movant</u>, repeated failure to cure deficiencies by amendments previously allowed, <u>undue prejudice</u> to the opposing party by virtue of allowance of the amendment, <u>futility of amendment</u>, etc.-the leave sought should, as the rules require be 'freely given.'[13]

This court has discretion to grant or deny an opportunity to amend, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it

---

[10] Plaintiff characterizes his proposed amended complaint as the Third Amended Complaint. But, as noted by both parties, including Plaintiff in his reply, it should have been correctly noted as the Second Amended Complaint.
[11] Fed.R.Civ.P. 15(a) (2009).
[12] See id.
[13] <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (emphasis added).

3

is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."[14]

Plaintiff argues that there is no undue delay, undue prejudice or futility of amendment so leave to amend should be granted. Predictably, Defendants take the exact opposite position arguing that there is undue delay, undue prejudice and an amendment would be futile. The court addresses the parties arguments concerning undue delay and undue prejudice in turn and finds it unnecessary to address any argument concerning futility of amendment.

**I. Undue Delay**

The Tenth Circuit has stated that "[l]ateness does not of itself justify the denial of the amendment."[15] But, an "unexplained delay"[16] may justify the court's discretionary decision to deny leave to amend. Thus, the focus when determining whether delay is "undue" is "primarily on the reasons for the delay."[17] Of particular note to this case is the fact that the Tenth Circuit has often found untimeliness alone to be a sufficient reason to deny especially in cases where the causes of action were available to the plaintiff at the time the original complaint was filed.[18]

Here Cardella argues there is no undue delay because the "new claims sought to be added to the complaint arise directly out of the performance and compensation required by the Consulting Agreement."[19] Plaintiff specifically cites to this court's order and memorandum decision from April 7, 2009, where the court recognized that "Plaintiffs, as the injured party, can be compensated for the delay in payment by having Defendants calculate what is owed including

---

[14] *Id.*
[15] *R.E.B. Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).
[16] *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).
[17] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).
[18] *See Sipp v. Unumprovident Corp.*, 107 Fed.Appx. 867, 876-77 (10th Cir. 2004); *Hayes v. Whitman*, 264 F.3d 1017, 1029 (10th Cir. 2001); *Las Vegas Ice & Cold Storage*, 893 F.2d 1182, 1185 (10th Cir. 1990); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).
[19] Mem. in supp. p. 3.

applicable interest to Plaintiffs."[20]  Based upon this statement "Plaintiffs simply seek to determine the amount of damages/fees owing, including the amount for consulting services provided plus the portion for abiding by the crucial non-compete agreement for two years."[21] According to Plaintiff, the facts surrounding the non-compete and "accounting error" are not new and have been relied upon by Defendants.  Moreover this court has yet to rule whether the non-compete was necessary and if this court holds it was not necessary, "Mr. Cardella is entitled to compensation for his performance of the non-compete to his detriment and for the unjust enrichment of Defendants for their insistence on holding him to it."[22]  The court is not persuaded by Plaintiff's arguments.

Plaintiff's newly asserted claims of unjust enrichment, *quantum meruit* and breach of contract were available to him at the time the original complaint was filed.  "Courts will properly deny a motion to amend when it appears that plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery.'"[23] Plaintiff cites to a section of this court's previous decision in an attempt to justify the delay, but Plaintiff misconstrues the court's language.  When the court recognized that Plaintiff can be compensated for the delay in payment it was in response to Cardella's arguments and pursuant to the factors a court considers in analyzing whether a material breach had occurred.  The court determined that the breach was not material and that Cardella could be compensated for any lost benefit by having Defendants pay $11,388.89 plus interest.  The court had no reason to believe

---

[20] Order and memorandum decision p. 33.
[21] Reply p. 3.
[22] *Id.* at p. 2.
[23] *Minter*, 451 F.3d at 1206 (quoting *Viernow*, 157 F.3d at 800 and quoting *Hayes*, 264 F.3d at 1027).

that after Cardella wrote the letter on June 5, 2007, terminating any relationship that he had with Defendants, that he would then reasonably expect further payment for consulting services.

Plaintiff filed his motion to amend after discovery ended and after the court issued a decision granting in part Defendants' motion for summary judgment. The court finds the explanation offered by Plaintiff for the delay unreasonable. Cardella chose to pursue this action via claims for a declaratory judgment and failed to include any alternative claims for unjust enrichment, *quantum meruit* or breach of contract. The court declines to accept a change in strategy by Plaintiff at this late hour right before trial. The court concludes there is undue delay in Cardella's filing of his motion to amend complaint and therefore DENIES his motion.

Undue delay alone may warrant the denial of a motion to amend. But, "[p]rejudice and timeliness are obviously closely related"[24] so the court finds it proper to consider the prejudice, if any, to Defendants caused by Plaintiff's motion.

## II. Prejudice

"Perhaps the most important factor . . and most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."[25] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[26]

As noted *supra*, Plaintiff filed his motion after the deadline to do so had passed, after discovery had closed and after the court had issued a decision granting in party Defendants' motion for summary judgment. This case is on the eve of trial and Cardella now seeks to add

---

[24] *Minter*, 451 F.3d at 1205.
[25] 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990).
[26] *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

6

claims requesting additional compensation when he never requested such compensation previously for honoring the non-compete covenant. Based upon this new position alone, discovery would need to be reopened, witnesses would need to be redeposed, new summary judgment motions would need to be filed and then perhaps expert witness concerning compensation would be necessary. Surely trial would be delayed and prejudice to Defendants would result.[27] Thus, even if the court were to conclude that Plaintiff's motion was timely, it would still be prejudicial to Defendants.

Accordingly, the court concludes Plaintiff's proposed amended complaint is prejudicial to Defendants. Plaintiff's motion therefore is DENIED.

## Conclusion

Based upon the forgoing the court DENIES Plaintiff's motion to amend complaint.

DATED this 4th day of August, 2009.

BY THE COURT:

*Brooke C. Wells*
Magistrate Judge Brooke Wells

---

[27] See *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (affirming denial of motion to amend where individuals would need to be redeposed and prejudice would result).

7